No. 11,536.

FIRST NATIONAL BANK OF McKINNEY, TEXAS v. HAMER.

Decided April 26, 1926.

Attachment proceeding. Judgment against intervening bank.

### Reversed.

1. BILL OF LADING—*Assignment—Effect.* The assignment of a bill of lading by indorsement or the delivery thereof with intent to transfer an interest gives a right superior to that of a subsequent creditor by attachment, execution or otherwise.

2. GOODS IN TRANSIT—*Statutes.* It would seem that a controversy over goods shipped by rail from one state to another is to be determined by federal laws.

*Error to the District Court of Alamosa County, Hon. J. C. Wiley, Judge.*

Mr. F. L. TAYLOR for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error intervened in an attachment suit by Hamer against the Southwestern Grain Company, was defeated, brings error, moves for supersedeas and asks for final judgment on the motion. There is no appearance for defendant in error.

The intervener advanced money to the grain company on bills of lading for hay shipped from Mosca, Colorado,

to Fort Worth, Texas. After the bills were delivered to the American National Bank, Alamosa, Colo., agent of the intervener bank, Hamer attached the hay. The court held that it was the hay of the grain company and that Hamer's rights were superior to those of the intervener. We think that was error.

The assignment of a bill of lading by indorsement or the delivery thereof with intent to transfer an interest, gives a right superior to that of a subsequent creditor by attachment, execution, or otherwise.

In the present case it would seem that the question is to be governed by the federal laws. *Davis v. Fruita Merc. Co.,* 74 Colo. 247, 220 Pac. 983. If so, the intervener's rights are superior. *Means v. Bank of Randall,* 146 U. S. 620, 13 Sup. Ct. 186, 36 L. Ed. 1107; *Merchants Exchange Bank v. McGraw,* 59 Fed. 972, 8 C. C. A. 420. As to delivery of the bill of lading without endorsement, see 59 Fed. 976, 8 C. C. A. 420. But, if the matter is to be governed by the decisions of this court, the result is the same. *First Nat. Bank v. Schmidt,* 6 Colo. App. 216, 40 Pac. 479; *Florence Co. v. Jensen,* 48 Colo. 28, 108 Pac. 974; *Painesville Bank v. Hannan,* 64 Colo. 301, 171 Pac. 364.

Supersedeas denied. Judgment reversed with directions to give judgment for the intervener.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.